UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ESCOBAR INC., | Case No.: 2:20-cv-00741-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| DANIEL D. REITBERG, | |
| Defendant. | |

Presently before the Court is Defendant Daniel D. Reitberg's ("Reitberg") Motion to Set Aside Default. ECF No. 13. The Court has considered Defendant's Motion, Plaintiff Escobar Inc.'s ("Escobar") Opposition to Defendant's Motion (ECF No. 15), and Defendant's Reply. ECF No. 16. The Court finds as follows.

**I.     BACKGROUND**

This is a theft of trade secrets action filed by Escobar, a general holding company, against Reitberg, its former Chief Operating Officer ("COO"). Escobar holds the intellectual property rights to the name and likeness of Pablo Escobar, the founder of the Medellín Cartel.

In his capacity as Escobar's COO, Reitberg oversaw Escobar's bank accounts, performed an accounting of current sales, and set up the company's official YouTube channel. On November 7, 2019, Reitberg was terminated as COO. Plaintiff contends Defendant was fired for "failing to provide proper oversight of operations and . . . to ensure outstanding invoices and creditors were paid." ECF No. 1 ¶ 12. In contrast, Defendant claims he resigned from Escobar after discovering "unethical" and "illegal" business practices and conduct by the company and its owners. ECF No. 16 at 8.

On March 10, 2020, Reitberg was re-hired in the same capacity. Sometime thereafter, Escobar alleges Reitberg "closed the corporate bank accounts and made off with thousands of dollars in earned revenues belonging to Escobar," "destroyed all evidence linking the money in the bank accounts to Escobar purchase orders," and "changed the protected password of [Escobar's] YouTube

Channel" before abandoning the company. ECF No. 1 ¶¶ 17-18. Escobar claims Reitberg has attempted to extort money from the company in exchange for providing the login information to the company's YouTube Channel.

On April 24, 2020, Escobar filed its Complaint in this Court (*id*.), and a summons was issued on the same day. ECF No. 4. On June 2, 2020, Plaintiff submitted an Affidavit of Service (the "Affidavit") filled out by its process server certifying that the Complaint and summons was served on "LISA R., GATE GUARD," described as a "PACIFIC ISLAND FEMALE, BLACK HAIR, 5 FEET 9 IN, 150 LB," at "1504 FRENCH MERLOT CT., LAS VEGAS NV 89114" (the "Property"). ECF No. 8. The Affidavit further certifies that the documents were served in accordance with Chapter 14 of the Nevada Revised Statutes on May 11, 2020. *Id*.

Having received no response to the Complaint, Plaintiff filed its Motion for Entry of Clerk's Default on the same day it filed its Affidavit. ECF No. 9. On June 18, 2020, the Clerk of Court entered default. ECF No. 10.

On July 31, 2020, Defendant filed the present Motion to Set Aside Default. ECF No. 13. Defendant claims he has been a permanent resident of the United Arab Emirates ("UAE") since 2017. *Id*. at 2; *see also* ECF No. 13-2 (photocopies of Defendant's UAE Resident Identity Card and Residence Permit). Reitberg further contends he was never properly served at his foreign address and, therefore, had no actual knowledge of this action prior to the entry of default. ECF No. 13 at 2. Defendant alleges the Affidavit may have been falsified because the gated community where service was purportedly attempted:

> does not have (and never had) a gate guard named Lisa R. The security company that provides the guards for the location, . . . Allied Universal, has confirmed that its guards are not authorized to ever accept mail or service of process at the gate, and that they [sic] never had an employee named Lisa or Lisa R. working at that particular location. . . . Allied Universal has never even had an employee with the initials L.R. working at that location.

*Id*. Defendant attached email exchanges between himself and Euclides Guerrero, Allied Universal's Nevada Client Manager, who attested to the above representations. ECF No. 13-3. Reitberg explained to Guerrero over email that he does not reside at the above address as he has "not been a resident of Nevada since around December of 2014. However, [Defendant's] mother does reside at

this address." *Id*. at 2. Given the above, Reitberg concludes that default should be set aside because (1) Escobar will not be prejudiced if his Motion is granted, (2) "he is prepared to defend and will file an Answer or responsive pleading promptly," and (3) he has not engaged in any culpable conduct that led to the default. ECF No. 13 at 3.

On August 14, 2020, Plaintiff filed its Opposition to Defendant's Motion. ECF No. 15. Escobar claims that its process server initially attempted to serve process on Reitberg at the Property on May 1, 2020. *Id*. at 2. A day before attempting service for the first time, Plaintiff's counsel emailed Oliver Mitchell, Jr., whom Escobar believed was retained by Reitberg in this action, to ask whether Mitchell would accept service on behalf of Reitberg. *Id*. at 2 n.1; *see also* ECF No. 15-3 at 2 (email from Plaintiff's counsel to Oliver Mitchell, Jr.). "Mitchell confirmed that he was engaged by Mr. Reitberg to negotiate a resolution of this matter, but was not authorized to accept service on [Reitberg's] behalf."[1] ECF No. 15 at 2 n.1. When trying to effect service for the first time, Plaintiff's process server was denied entrance to the Property after a security guard called its resident and was advised that Reitberg did not live there.[2] *Id*. Plaintiff clarifies that the May 11, 2020 visit to the Property referenced in the Affidavit was its process server's second attempt to attempt service. *Id*. at 3.

Escobar disputes the representations Reitberg makes in his Motion. First, Plaintiff notes that "Reitberg's Motion indicates that his mother lives [at the Property], but it does not deny that he was present on the date of attempted service." *Id*. at 2 (internal citation omitted). Plaintiff also points out that Reitberg only claims service was improper because Plaintiff's process server "recorded the name 'Lisa R' on the Affidavit and the security company – albeit through unsworn testimony – has denied that a female with that name was working on the days in question." *Id*. at 3 (internal citations omitted). However, Reitberg never denied that a guard fitting the process server's description was present on May 11, 2020, or that a guard accepted service of the Complaint. *Id*. Escobar also attaches a Lease Agreement documenting Reitberg's purported lease of the Property from the Reitberg Family Living Trust from November 1, 2019 to December 31, 2020. ECF No. 15-2. In

---

[1] Plaintiff did not attach a copy of Mitchell's email.
[2] The identity of the individual who answered the security guard's phone call is unknown.

sum, Plaintiff claims "Reitberg has not come forward with any sworn testimony or evidence denying he had knowledge of this lawsuit, or that he actually received the Complaint and Summons from the security guard, or that he was residing at the Property during the time in question." ECF No. 15 at 3. Even if the Court finds Reitberg lacked prior knowledge of this action prior to the entry of default, Plaintiff argues Defendant has not evidenced the good cause necessary to set aside the default. *Id*. at 4. Specifically, Escobar maintains Reitberg has failed to present any meritorious defense or to sufficiently discuss why Plaintiff would not be prejudiced if default were set aside. *Id*. Plaintiff also suggests Reitberg acted culpably because his attorney refused to accept service, presumably at his direction; "Escobar tried to serve Reitberg at the Property – a location that Reitberg was currently leasing – but was denied entry by the resident of that address"; and, Reitberg decided to come forward only after default was entered in this action. *Id*. at 4-5.

On August 28, 2020, Defendant filed his Reply in Support of his Motion to Set Aside Default. ECF No. 16. First, Defendant claims he has a meritorious defense to Plaintiff's claims as he is being retaliated against for resigning from Escobar "after discovering certain conduct and business practices by the company and its owners that he found to be unethical and illegal." *Id*. at 8. Defendant also argues Plaintiff will not be prejudiced if default were set aside because "discovery has not been scheduled . . . and Defendant's motion was not untimely." *Id*. Finally, Defendant insists he did not act culpably in evading service. *Id*. at 7. In support of his claims, Defendant alleges Plaintiff provided a fraudulent Lease Agreement containing forged signatures. *Id*. at 4. Instead, Defendant maintains that he signed a lease to the Property that expired in 2017, and that the Property is presently owned by the Reitberg Family Trust and occupied by his mother. *Id*. Defendant therefore argues he did not act culpably in evading service because "service can only be made upon the gate guard of a gated community *when the defendant resides in the community*" under Nevada law. *Id*. at 6, *citing* NRS 14.090 (emphasis added). Instead of properly serving international process in accordance with Fed. R. Civ. P. 4(f), Plaintiff is alleged to have "unilaterally proceeded to serve [process] at an incorrect address." *Id*. at 7. Considering the above, Reitberg claims he has demonstrated good cause to set aside default. *Id*. at 6.

## II. DISCUSSION

### 1. Setting Aside an Entry of Default for Good Cause

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" When determining whether good cause exists, a court considers three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant [lacks] a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (internal citations omitted). These factors, which courts consistently refer to as the "*Falk* factors," are disjunctive. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). This means finding any one of these factors is true constitutes sufficient reason for the district court to refuse to set aside the default. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"). The party seeking to set aside the default bears the burden of establishing that these factors favor setting aside the default. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits" with doubts resolved in favor of setting aside the default. *Falk*, 739 F.2d at 463 (internal citation omitted); *see also Schwab v. Bullock's, Inc.*, 508 F.2d 353, 356 (9th Cir. 1974). "Absent an abuse of discretion, there is no error in setting aside a default where the judge finds good cause to do so." *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975) (internal citation omitted). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) (internal citation omitted). With the above in mind, the Court examines each of the *Falk* factors.

#### i. *Plaintiff would not be prejudiced if default were set aside.*

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701. "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (internal citation and quotation marks omitted). In contrast, "merely

5

being forced to litigate on the merits cannot be considered prejudicial . . . . For had there been no default, the plaintiff would of course have had to litigate the merits of the case[.]" *Id*.

Defendant argues Plaintiff would not be prejudiced if default were set aside because discovery has not commenced. ECF No. 16 at 8. Specifically, Defendant claims he has "not done anything that would make it difficult for Plaintiff to press its claims or to obtain witnesses or the documents and tangible things that will likely be propounded during discovery." *Id*. The Court agrees. Although it is Defendant's burden to demonstrate a lack of prejudice (*TCI Grp. Life Ins. Plan*, 244 F.3d at 696), it is worthwhile to note that Plaintiff does not argue it would be prejudiced if default were set aside. Accordingly, Defendant has satisfied the first *Falk* factor as he has sufficiently shown a lack of tangible harm that would result if default were set aside.

> *ii.   There is insufficient evidence to find Defendant acted culpably in failing to respond to Plaintiff's Complaint.*

"A defendant's motion to set aside a default should not be granted if the defendant exhibited some degree of culpable conduct in failing to respond to pleadings." *Aristocrat Techs., Inc. v. High Impact Design & Ent.*, 642 F. Supp. 2d 1228, 1234 (D. Nev. 2009) (internal citation and quotation marks omitted). A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan*, 244 F.3d at 697 (internal alteration and citations omitted). In order for a failure to answer to be intentional, "the movant must have acted with bad faith." *Mesle*, 615 F.3d at 1092.

Here, Defendant insists he did not act culpably because Plaintiff independently located Reitberg's purported address and attempted to serve process at the Property. ECF No. 16 at 7; *cf. TCI Grp. Life Ins. Plan*, 244 F.3d at 698-99 (a bad faith failure to respond can be found where a defendant provides the opposing party with an incorrect address and thereby precludes normal service of process). Based on the conflicting evidence presented by the parties, it is unclear to the Court whether Defendant resides at the Property where service was attempted (*compare* ECF No. 13-2 (photocopies of Defendant's UAE Resident Identity Card and Residence Permit) *with* ECF No. 15-2 (Reitberg's Lease Agreement to the Property from 2019 to 2020)), nor can the Court determine whether service was properly effected on the security guard at the Property. In the end, however,

6

these disputes do not control the outcome of the Court's decision today because Defendant's failure to respond did not allow him to "take advantage" of the opposing party or "manipulate the legal process." *Mesle*, 615 F.3d at 1093 (internal quotation marks omitted). "On the contrary, the only outcome that such a failure could have earned Defendant was what [he] received: an entry of default and a heightened possibility of default judgment in favor of Plaintiff." *Chrome Hearts, LLC v. Boutique Talulah*, Case No. 2:12-cv-00280-MMD-RJJ, 2012 WL 4510692, at *3 (D. Nev. Sept. 28, 2012). Indeed, now that Defendant claims to be aware of this litigation, he expresses a desire to "defend and . . . file an Answer or responsive pleading promptly." ECF No. 13 at 3. Thus, the Court finds the second *Falk* factor weighs in favor of setting aside default, as there is insufficient evidence in the record to conclude that Defendant acted culpably by intentionally failing to respond to Plaintiff's Complaint.

> iii. *Defendant fails to present at least one meritorious defense, but this does not control the outcome of the pending Motion to Set Aside Default.*

"A party in default . . . is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (internal citations omitted). The defaulting party's burden is "minimal"; indeed, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Mesle*, 615 F.3d at 1094 (internal citation omitted). "A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Aristocrat Techs.*, 642 F. Supp. 2d at 1233. "[M]ere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense are, however, insufficient to justify upsetting the underlying judgment." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (internal citation and quotation marks omitted).

Here, Defendant argues he has a "meritorious defense in that he denies the veracity of Plaintiff's allegations and requests the opportunity to file a responsive pleading stating as much." ECF No. 16 at 8. Even though Defendant's burden at this stage is minimal, his assertion, which is not based on any specific facts, is insufficient to overcome default on its own. *Cassidy*, 856 F.2d at 1415. Defendant does allege that Plaintiff's lawsuit is "retaliatory" as he resigned from Escobar

after uncovering unethical and/or illegal conduct at the company. *Id*. Reitberg, however, provides no factual bases for these assertions. Notwithstanding, the law strongly favors resolution of cases on their merits. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). Therefore, "in spite of Defendant's failure to set forth a meritorious defense in his instant Motion," and because there is insufficient evidence to find he engaged in culpable conduct or that Plaintiff would be prejudiced, the Court finds Defendant has demonstrated good cause to set aside the default. *Rapaport v. Soffer*, Case No. 2:10-CV-00935-KJD-RJJ, 2011 WL 9324, at *2 (D. Nev. Jan. 3, 2011).

### 2.  The *Falk* Factors Weigh in Favor of Setting Aside Entry of Default

Two of the *Falk* factors weigh in favor of setting aside the entry of default. Plaintiff will not be prejudiced if the entry of default is set aside and there is insufficient evidence to find Defendant engaged in culpable conduct. Although Defendant does not support a claimed meritorious defense with sufficient facts, the Court finds that declining to set aside the default would be contrary to the Ninth Circuit's long held policy in favor of deciding cases on the merits whenever reasonably possible. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016).

## III.  ORDER

IT IS HEREBY ORDERED that Defendant Daniel D. Reitberg's Motion to Set Aside Default (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court's Entry of Default as to Defendant Daniel D. Reitberg (ECF No. 10) is VACATED.

IT IS FURTHER ORDERED that Defendant Daniel D. Reitberg shall have **twenty-one (21) calendar days** from the date of this Order to answer or otherwise respond to Plaintiff's Complaint (ECF No. 1).

DATED this 28th day of October, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE